**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2732
_____

DE WEN LUI,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-715-331)
Immigration Judge:  Honorable Miriam Mills
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 26, 2012

Before:  FISHER, GARTH and ROTH, <u>Circuit</u> <u>Judges</u>.

(Opinion filed: February 1, 2013)
_____

OPINION
_____

PER CURIAM

Lui, a native and citizen of China, petitions for review of a decision by the Board

of Immigration Appeals ("BIA") which dismissed his appeal of an immigration judge's

("IJ") decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture.[1]

## I.

Lui was served with a Notice to Appear in December 2004, two days after his arrival in the United States. He was charged with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled. Lui conceded removability and sought asylum, withholding of removal, and CAT protection with the immigration court.

Lui claimed that because his wife was under 24 years old at the time they were married, they were unable to obtain a permit to have a child. However, his wife became pregnant shortly after their request for a permit was denied and, two days after he learned of the pregnancy, a family planning official ordered his wife to report for a physical examination. In fear of the pregnancy's discovery, he and his wife went into hiding. Lui claimed that family planning officials thereafter came to his house, harassed his family members, and destroyed his belongings, and, as a result of his wife's pregnancy, Lui was fined and his father was arrested. His wife eventually turned herself in and was forced to have an abortion. Lui claimed that he still owes much of the fine levied against him, and

---

[1] The Board of Immigration Appeals affirmed the decision of the Immigration Judge denying asylum, withholding of removal, and CAT protection to the petitioner as he had not carried his burden of establishing eligibility for any relief.

would be beaten, jailed, and tortured upon his return to China as a result. Moreover, he contends that he and his wife may face sterilization by the Chinese government.

After a hearing, the IJ determined that Lui was not credible and failed to sufficiently corroborate his claims. The IJ therefore denied his applications for relief and ordered him removed to China. On appeal, the BIA determined that the IJ's adverse credibility finding was not clearly erroneous and agreed that Lui had provided insufficient corroboration for his claim. The BIA therefore dismissed his appeal, and Lui timely petitioned this Court for review.

## II.

We have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a)(1). See Abdulai v. Ashcroft, 239 F.3d 542, 548 (3d Cir. 2001). We review factual findings, including any credibility determinations, under a substantial evidence standard. See Cao v. Att'y Gen., 407 F.3d 146, 152 (3d Cir. 2005). Under that standard, we must uphold the BIA's decision unless the evidence not only supports a contrary conclusion, but compels it. See Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). The burden of establishing eligibility for asylum, withholding of removal, and

relief under the CAT is on the applicant. <u>Toure v. Att'y Gen.</u>, 443 F.3d 310, 317 (3d Cir. 2006) (citing 8 C.F.R. § 208.13(a)).[2]

III.

Lui presently argues that the IJ erred in finding his testimony improbable and incredible. Among other things, the IJ found that Lui's contention that his then-twenty-three-year-old wife was underage for a birth permit was inconsistent with the family planning regulations he submitted as evidence. Although Lui argues that the birth of his child did not qualify as a "late childbearing" under those regulations, <u>see</u> A.R. 424, the only regulations relevant to late childbearing provide that "citizens who practice late marriage and late childbirth shall be awarded with extended leaves for marriage and childbirth or other benefits." A.R. 418. Indeed, nothing in the record – save Lui's testimony – indicates that only "late childbearing" is permissible or that he and his wife were otherwise ineligible to have a child. Although the regulations do forbid "early childbirth," the definition of that term makes no mention of a woman's age, and the provision does not apply to the circumstances Lui described because he and his wife were married and having their first child. A.R. 426.

---

[2] Because Lui filed his asylum application after the enactment of the REAL ID Act, the inconsistencies, inaccuracies, or falsehoods upon which the adverse credibility finding is based need not go to the heart of his claim. <u>See</u> <u>Lin v. Att'y Gen.</u>, 543 F.3d 114, 119 n.5 (3d Cir. 2008). Rather, the REAL ID Act permits credibility determinations to be based on observations of Lui's demeanor, the plausibility of his story, and the consistency of his statements. See 8 U.S.C. § 1158(b)(1)(B)(iii); <u>Gabuniya v. Att'y Gen.</u>, 463 F.3d 316, 322 n.7 (3d Cir. 2006).

4

In fact, the regulations Lui submitted as evidence are inconsistent with the requirements he claims led to a forced abortion. They provide generally that "[a]fter approval is granted for a couple to have an additional child, the birth must occur at least four years after the previous child's birth, and the wife must be at least 25 years of age." A.R. 426. The regulations therefore appear to contemplate that children will be born to women younger than twenty-four: if, as Lui contends, a woman must be twenty-four years old to obtain permission to have her *first* child, a woman younger than twenty-eight years old could not, as a matter of course, have a *second* child four years after her first and comply with the rule. Lui offers no explanation of this inconsistency.

Accordingly, we are not compelled to disagree with the determination that Lui's testimony regarding his wife's allegedly forced abortion was not credible. The record likewise supports the determination that Lui failed to demonstrate that he will be mistreated upon return to China. We therefore find no error in the BIA's conclusion that he is not entitled to relief.[3]

IV.

For the foregoing reasons, we will deny the petition for review.

---

[3] Because Lui is not entitled to relief, we need not address Lui's challenges to other aspects of the BIA's adverse credibility or corroboration analysis. Any errors in those aspects of the BIA's decision would have been harmless and would not justify granting the petition for review. See Li Hua Yuan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011) ("[W]e will view an error as harmless and not necessitating a remand to the BIA when it is highly probable that the error did not affect the outcome of the case.").